[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11 2007
THOMAS K. KAHN
CLERK

No. 06-15459

_____

D. C. Docket No. 03-01561 CV-2-SLB

WILLIAM PHILPOT,

                                                        Plaintiff-Appellant,

versus

UNITED STATES FIRE INSURANCE COMPANY,
NATIONAL UNION FIRE INSURANCE COMPANY,
TRAVELERS INDEMNITY COMPANY OF ILLINOIS,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(June 11, 2007)**

Before DUBINA and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

_____
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by
designation.

This is an appeal from the district court's grant of summary judgment in an action brought by appellant William Philpot ("Philpot") seeking uninsured/underinsured motorist coverage ("UMC") from Travelers Property Casualty Company of America ("Travelers") and other insurers. The policies issued by Travelers and the other insurers were issued in the State of Florida. The vehicle through which Philpot sought coverage was registered and principally garaged in the State of Alabama. The parties agree that Florida law governs the interpretation of the Travelers policy, but dispute whether Florida's uninsured motorist statute applies under the facts of this case.

Section 627.727(1) of the Florida Statutes provides, in pertinent part:

No motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to *any specifically insured or identified motor vehicle registered or principally garaged in this state* unless uninsured motor vehicle coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom.

Fla. Stat. § 627.727 (emphasis added).

By its clear terms, the statute does not mandate UMC in policies insuring vehicles registered or principally garaged outside Florida. The record demonstrates that the vehicle at issue was both registered and principally garaged

2

in Alabama.  Therefore, we agree with the district court's determination that Fla. Stat. § 627.727 has no application to Philpot's claims.

Without the application of Fla. Stat. § 627.727, Philpot concedes that he has no valid claim.  Accordingly, we affirm the district court's conflict of laws order and its grant of summary judgment in favor of the insurers.

**AFFIRMED.**